IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MONICA ESTHER CABRERA,

    Plaintiff,

vs.

EDDIE MAOIRANA, an indiviudal; COSTCO
WHOLESALE CORPORATION, a
Washington Corporation

    Defendant.
_____/

## COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL AND SUPPORTING MEMORANDUM OF LAW

Defendant, COSTCO WHOLESALE CORPORATION hereby files its Notice of Removing this case to the United States Southern District of Florida from the Circuit Court of the 11th Judicial Circuit, in and for Miami-Dade County, Florida, and states:

1. This action was commenced on January 13, 2022, in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2022-000386-CA-01.

2. This is a civil action in which Plaintiff MONICA ESTHER CABRERA claims bodily injuries by virtue of her allegedly slipping and falling at the subject Costco. (See Exh.A).

3. The removal of this case is authorized by the provisions of 28 U.S.C. §1441, *et seq.*

4. This Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) because this case involves a controversy between a plaintiff who is a citizen of the State of Florida and a

defendant that is a citizen of the State of Washington, and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest, costs, and attorney's fees.

**Diversity of citizenship**

5. Defendant COSTCO WHOLESALE CORPORATION is a citizen of the State of Washington because it is a Washington corporation with its principal place of business in Washington. See 28 U.S.C.A. § 1332(c)(1) (providing that a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business).

6. Plaintiff MONICA ESTHER CABRERA is and has been at all times material a citizen of the State of Florida. See generally Huchon v. Jankowski, 2007 WL 221421 (S.D. Fla. Jan. 25 2007); Lieberman v. Lm General Ins. Co., 2015 WL 111980006, at *1 (S. D. Fla. Jan. 26, 2015) ("Here, Defendant has alleged in its Notice of Removal that Plaintiff is a citizen of Florida and that Defendant is a citizen of Illinois and Massachusetts. Plaintiff has not contested this representation, either through allegations in the Amended Complaint or in her Response. 'Allegations in the defendant's petition for removal, if not contradicted by the allegations of the complaint, are alone sufficient to establish prima facie existence of federal jurisdiction.'" (internal citation omitted)).

7. Co-defendant, EDDIE MAOIRANA, is a citizen of the State of Florida. However, Plaintiff joined co-defendant MAOIRANA for the sole purpose of defeating federal diversity jurisdiction.

8. "When a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court. The plaintiff is

[22-0020/4977168/1] 2

said to have effectuated a 'fraudulent joinder' and a federal court may appropriately assert its removal diversity jurisdiction over the case." Henderson v. Washington Nat. Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006) (internal citation omitted)

9. "A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate either that: '(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." Id. "The defendant must make such a showing by clear and convincing evidence." Id.

10. Here, Plaintiff CABRERA brings a negligence cause of action against co-defendant MAOIRANA. This count is grounded in co-defendant MAOIRANA's alleged breach of his "duty" to maintain the premises in a reasonable and safe condition" (See Exh.A at ¶¶12-13). **Yet, Plaintiff CABRERA makes the same general allegations against Costco.** (See Exh.A at ¶¶16-17).

11. Co-defendant MAOIRANA had no involvement in this matter. He was the store manager of the Costco where Plaintiff claims she was injured. (See Exh.B). He did not witness the alleged event; he did not respond to the scene after Plaintiff's alleged fall; and he had no knowledge of any substance on the floor. (See Exh.B).

12. To show that co-defendant MAOIRANA could be held liable, Plaintiff must establish: "(1) the corporation owes a duty of care to the third party, the breach of which has caused the damage for which recovery is sought; (2) the duty is delegated by the principal or employer to the defendant officer; (3) *the defendant officer has breached this duty through personal—as opposed to technical or vicarious—fault*; and (4) *with regard to the personal fault, personal liability cannot be imposed upon the officer*

*simply because of his or her general administrative responsibility for performance of some function of his or her employment.*" De Varona v. Discount Auto Parts, LLC, 860 F. Supp. 2d 1344, 1347 (S.D. Fla. May 16, 2012) (emphasis added).

13. Because there is no evidence that co-defendant MAOIRANA had any personal involvement in Plaintiff's incident or breached any kind of personal duty to Plaintiff CABRERA, he cannot be held liable and he cannot serve as a bar to establishing federal diversity jurisdiction. See id. at 1347 (finding plaintiff's cause of action against store manager was a fraudulent joinder; "it is well-established under Florida law that [the store manager] 'does not incur personal liability for [the corporation's] torts merely by reason of [the officer's] official character. To be individually liable, a corporate officer must have committed or participated in the tort.").

**Amount in controversy**

14. The complaint, ¶5, alleges only that this is an action for damages in excess of $30,000, which was the State court jurisdictional threshold. (See Exh.A).

15. However, based on Plaintiff's admissions to Defendant's request for admission concerning whether the amount in controversy exceeds $75,000, Defendant submits that the requisite amount in controversy has been met. (Exh.C). Plaintiff admits that she is seeking more than $75,000 in these responses to request for admissions, although she claims Defendant have known this since October 11, 2021, that she was seeking above that figure, based on a $4 million dollar policy limits demand.[1] For reference, Plaintiff's claimed injury is a right shoulder injury.

---

[1] At the top of this letter, Plaintiff wrote "Not admissible in underlying claim." Accordingly, in an abundance of caution, Defendant has not attached the letter to this Notice of Removal. To the extent this Court requires a copy of this presuit demand letter, Defendant is willing to file it.

16. Plaintiff's pre-suit settlement demand of $4,000,000 was unsupported by any evidence that would support such a massive demand. There was also no breakdown or calculation provided by Plaintiff's counsel concerning how that figure was reached.

17. Accordingly, it was more than appropriate for Defendant to consider this $4 million dollar demand as nothing more than mere puffery. See Lamb v. State Farm Mut. Auto. Ins. Co., 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010) ("Settlement offers do not automatically establish the amount in controversy for purposes of diversity jurisdiction. Instead, courts have analyzed whether demand letters merely 'reflect puffing and posturing,' or whether they provide 'specific information to support the plaintiff's claim for damages' and thus offer a 'reasonable assessment of the value of [the] claim.'" (internal footnote omitted)); Jenkins v. Myers, 2016 WL 4059249, at *4 (M.D. Fla. July 27, 2016) ("Therefore, when a letter is in general puffery and posturing, it is insufficient to prove by a preponderance of the evidence that the amount in controversy meets or exceeds $75,000.").[2]

**Timeliness**

18. The complaint was served on Defendant COSTCO on January 13, 2022; however, the basis for this removal is not premised on Plaintiff's Complaint but is instead

---

[2] Some district court also hold that a pre-suit settlement demand letter does not qualify as "other papers". See Demaria v. Home Depot, U.S.A., Inc., 2007 WL 9701101, at *2 (S.D. Fla. May 10, 2007) ("Instead, the time period should be triggered by an amended pleading, motion, order, or 'other paper,' the last of which logically meant those papers occurring after the filing of the initial pleading. A post filing demand letter has been held to trigger such time period. Neither party cites a case which holds that a pre-suit demand letter can satisfy a defendant's burden to establish by a preponderance of the evidence that more than $75,000 is at issue."); McManus v. Nat'l Fire & Marine Ins. Co., 380 F. Supp. 3d 1260, 1262-63 (M.D. Fla. 2019) ("Though the Eleventh Circuit has yet to weigh in, '[e]very court of appeals that has addressed whether a court may consider a defendant's pre-litigation knowledge ... to decide triggering of the 30-day removal period has held no.' Sullivan v. Nat'l Gen. Ins. Online, Inc., 3:17-cv-1387-J-32PDB, 2018 WL 3650115, at *6 (M.D. Fla. Apr. 17, 2018) (collecting cases from ten different courts of appeals). 'Those courts have adopted a bright-line rule under which a court--to decide the triggering of the 30-day removal period--may look only at the pleading or any post-litigation 'other paper[ ]' from the plaintiff.'").

based on Plaintiff's Responses to Defendant's Request for Admissions, in which Plaintiff admitted that the amount in controversy exceeds $75,000. (See Exh.C); see 28 U.S.C. § 1446(b) ("If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ."); see Wilson v. Target Corp., 2010 WL 3632794 at *3 ("Thus, when Wilson's complaint only alleged damages in excess of $15,000.00, the minimum jurisdictional amount required for Florida state courts of general jurisdiction, Target was justified in seeking record confirmation from Wilson, through discovery, that the amount in controversy actually exceeded the jurisdictional amount for a United States district court. When Target received Wilson's response to its request for admissions, stating that she could not admit or deny the amount in controversy exceeded $75,000.00, Target was justified in considering that response an "other paper" within the meaning of 28 U.S.C. § 1446(b), from which it may first be ascertained that the case was removable.").

19. This Notice of Removal is being timely filed within 30 days after April 13, 2022, the date the responses to the requests for admission were received.

**Procedural matters**

20. A copy of all process, pleadings, and orders served upon the Defendant is attached hereto as Composite Exhibit D.

21. COSTCO will give written notice of the filing of this notice as required by U.S.C. §1446(d).

---

22. A copy of this notice will be filed with the Clerk of the Circuit Court, in and for Hillsborough County, Florida, as required by 28 U.S.C. §1446(d).

WHEREFORE, COSTCO WHOLESALE CORPORATION respectfully requests this action be removed to this Court.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true copy of the foregoing was furnished via Electronic Service via the Florida Court's E-filing Eportal pursuant to the Supreme Court Administrative Order AOSC13-490 on April 29, 2022, to: Michael S. Lotto, Esq., The Ward Law Group, PL, 7975 N.W. 154 St., #306, Miami Lakes, FL 33016 (mlotto@gwardlaw.com).

COONEY TRYBUS KWAVNICK PEETS
Attorneys for Defendant's Name
1600 W. Commercial Blvd., #200
Fort Lauderdale, FL 33309
(954) 568-6669; fax: (954) 568-0085
Primary e-mail: reception@ctkplaw.com
Secondary e-mail: tzaccour@ctkplaw.com

"(Signed by attorney electronically after review)"

By: _____
DAVID F. COONEY
Florida Bar No. 260215