|  | IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA |
|---|---|

MONICA ESTHER CABRERA,
an individual;

  Plaintiff,                                CASE NO.:

v.

EDDIE MAOIRANA,
an individual;
COSTCO WHOLESALE CORPORATION,
an Washington corporation;

  Defendants.
  _____/

## COMPLAINT FOR DAMAGES

Plaintiff, Monica Esther Cabrera, by and through her undersigned attorneys, sues the Defendants, Eddie Maoirana and Costco Wholesale Corporation, and alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiff Monica Esther Cabrera ("Cabrera") is a resident of Miami-Dade County, Florida, over the age of 18 and otherwise *sui juris*.

2. Upon information and belief, Eddie Maoirana ("Maoirana") is a resident of Miami-Dade County, Florida, over the age of 18 and otherwise *sui juris*.

3. Defendant Costco Wholesale Corporation ("Costco") is a Washinton corporation conducting substantial and continuous business in Miami-Dade County, Florida.

4. The incident which is the subject of this action occurred in Miami-Dade County, Florida.

5. The amount in controversy exceeds $30,000.00, absent attorney fees, costs and interest.

6. All conditions precedent to filing suit have been met or waived.

9


EXHIBIT A

## FACTS

7. At all times material, Defendant Costco owned and/or was in possession of, and exercised control over, the property located at 16580 NW 59th Avenue, Miami Lakes, Florida.

8. At all times material, Defendant Costco owned and/or operated the business located at 16580 NW 59th Avenue, Miami Lakes, Florida.

9. At all times material, Defendant Maoirana was the store manager of the business owned and/or operated by Defendant Costco at 16580 NW 59th Avenue, Miami Lakes, Florida.

10. On June 1, 2021, Plaintiff Cabrera was on the premises of the business located at 16580 NW 59th Avenue, Miami Lakes, Florida, as a lawful business invitee of Defendant Costco.

11. While on the premises, Plaintiff Cabrera slipped and fell due to a wet floor.

## COUNT I – NEGLIGENCE AGAINST MAOIRANA

Plaintiff re-alleges paragraphs 1-11 and states as follows:

12. Defendant Maoirana, as store manager, had a duty to provide business invites with a reasonably safe property, premises and/or business. Those duties included, but were not limited to:

   a. Inspecting the property, premises and/or business; and/or

   b. Properly maintaining and cleaning the property, premises and/or business; and/or

   c. Warning business invitees of potentially dangerous conditions that existed on the property, premises and/or business that he/she knew or should have known of; and/or

   d. Remedying dangerous conditions on the property, premises and/or business or otherwise fixing them; and/or

   e. Training and supervising employees of the Defendants to adequately inspect the property, premises and/or business; and/or

   f. Training and supervising employees of the Defendants to adequately and safely maintain and clean the property, premises and/or business; and/or

   g. Training and supervising employees of the Defendants to warn business invitees of dangerous conditions that they knew or should have known of on the property, premises and/or business.

10

13. Defendant Maoirana, as store manager, breached these duties by:

   a. Failing to prevent reasonably foreseeable injuries and creating a foreseeable risk of harm to business invitees by failing to inspect the property, premises and/or business; and/or

   b. Failing to prevent reasonably foreseeable injuries and creating a foreseeable risk of harm to business invitees by failing to properly maintain and clean the property, premises and/or business; and/or

   c. Failing to adequately warn the Plaintiff of the potential dangerous condition that existed on the property, premises and/or business that he knew or should have known of; and/or

   d. Failing to adequately remedy a dangerous condition on the property, premises and/or business or otherwise fix it; and/or

   e. Failing to properly train and supervise employees of the Defendants to adequately inspect the property, premises and/or business; and/or

   f. Failing to properly train and supervise employees of the Defendants to adequately and safely maintain and clean the property, premises and/or business; and/or

   g. Failing to properly train and supervise employees of the Defendants to warn business invitees of dangerous conditions that they knew or should have known of on the property, premises and/or business.

14. As a result of Defendant Maoirana's negligence, Plaintiff Cabrera slipped and fell as described in paragraph 11.

15. As a direct and proximate result of Defendant Maoirana's negligence, Plaintiff Cabrera was caused to suffer significant bodily injury, pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, and loss of the capacity for enjoyment of life experienced in the past and to be experienced in the future. Plaintiff Cabrera has further incurred the expense of hospitalization, medical and nursing care, and treatment both in the past and into the future, lost earnings in the past and loss of the ability to earn money in the future, and aggravation of a previously existing condition.

WHEREFORE, Plaintiff Maoirana demands judgment for damages against Defendant Whitehead plus costs, pre-judgment interest and post-judgment interest, both past and future lost wages,

11

repair costs or replacement costs for the damaged property, and any other remedy this Court may deem appropriate.

## **COUNT II – NEGLIGENCE AGAINST DEFENDANT COSTCO**

Plaintiff re-alleges paragraphs 1-11 and states as follows:

16. Defendant Costco, by and through its employees, agents, representatives and servants, had a duty to maintain the subject property, premises and/or business in a reasonably safe condition for business invitees. Those duties included, but were not limited to:

    a. Inspecting the property, premises and/or business; and/or

    b. Properly cleaning and maintaining the property, premises and/or business; and/or

    c. Warning business invitees of potentially dangerous conditions that existed on the property, premises and/or business that he/she knew or should have known of; and/or

    d. Remedying dangerous conditions on the property, premises and/or business or otherwise fixing them; and/or

    e. Training and supervising employees of the Defendants to adequately inspect the property, premises and/or business; and/or

    f. Training and supervising employees of the Defendants to adequately and safely maintain and clean the property, premises and/or business; and/or

    g. Training and supervising employees of the Defendants to warn business invitees of dangerous conditions that they knew or should have known of on the property, premises and/or business.

17. Defendant Costco, by and through its employees, agents, representatives and servants, breached its duty by:

    a. Failing to maintain the subject property, premises and/or business in a reasonably safe condition; and/or

    b. Failing to exercise reasonable care in performing cleaning and maintenance of the subject property, premises and/or business; and/or

    c. Creating an unreasonably dangerous condition; and/or

    d. Failing to warn, by sign or otherwise, as to the existence of a dangerous condition that Defendant knew or should have known of; and/or

12

      e. Failing to remedy a dangerous condition that Defendant knew or should have known of; and/or

      f. Failing to adopt and implement adequate policies, procedures, protocols, standards and guidelines to prevent and/or remedy a dangerous condition on the subject property, premises and/or business; and/or

      g. Failing to hire, retain, supervise, instruct and train employees, agents, representatives and servants with regards to warning of dangerous conditions, preventing dangerous conditions, correcting dangerous conditions, and safely maintaining, inspecting and cleaning the subject property, premises and/or business.

18. Defendant Costco knew, or should have known, that its property, premises and/or business were unsafe and not maintained in a reasonably safe condition for its business invitees.

19. As a result of Defendant Costco's negligence, Plaintiff Cabrera slipped and fell as described in paragraph 11.

20. As a direct and proximate result of Defendant Costco's negligence, Plaintiff Cabrera was caused to suffer significant bodily injury, pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, and loss of the capacity for enjoyment of life experienced in the past and to be experienced in the future. Plaintiff Cabrera has further incurred the expense of hospitalization, medical and nursing care, and treatment both in the past and into the future, lost earnings in the past and loss of the ability to earn money in the future, and aggravation of a previously existing condition.

WHEREFORE, Plaintiff Cabrera demands judgment for damages against Defendant Costco, plus costs, pre-judgment interest and post-judgment interest, both past and future lost wages, repair costs or replacement costs for the damaged property, and any other remedy this Court may deem appropriate.

13

## PLAINTIFF'S REQUEST FOR JURY TRIAL

Plaintiff hereby requests a trial by jury on all issues so triable.

Submitted this 10 day of January, 2022.

Respectfully submitted,

By: /s/ Michael S. Lotto
Gregory C. Ward, Esq.
Florida Bar No. 185949
Michael Lotto, Esq.
Florida Bar No. 105335
The Ward Law Group, PL
7975 NW 154th Street, Suite 306
Miami Lakes, Florida 33016
Telephone (305) 209-0613
*Counsel for Plaintiff*
